**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TERRY COACH INDUSTRIES, INC., Respondent.**

No. 22715.

United States Court of Appeals
Ninth Circuit.

May 1, 1969.

Allison W. Brown, Jr., Washington, D. C. (argued), Ralph E. Kennedy, Director, NLRB, Los Angeles, Cal., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Franklin C. Milliken, Atty., Washington, D. C., for petitioner.

Hugh J. Scallon (argued), Gibson, Dunn & Crutcher, Levy, DeRoy, Geffner & Van Bourg, Los Angeles, Cal., for respondent.

Before CHAMBERS and DUNIWAY, Circuit Judges, and VON DER HEYDT*, District Judge.

PER CURIAM:

On May 3, 1966, a strike occurred at the plant of Terry Coach Industries in El Monte, California. Not all of the company's employees participated, and the plant was not closed. As might be expected, some friction developed between strikers and non-strikers, and between strikers and third parties having business at the plant. When the strike ended on May 11, the company rehired all but six of the strikers. These six the management believed guilty of serious misconduct during the strike.

---

* The Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

Subsequently, proceedings were begun before the National Labor Relations Board which resulted in an order that Terry Coach reinstate Willis Smith, one of the six, with full back pay. Terry Coach Industries, Inc., 166 N.L.R.B. No. 76 (June 30, 1967.) The present petition, to enforce that order, followed.

The strike in question was economic in nature, and it was stipulated that Smith had not been replaced at the time he sought reinstatement. The Board found as fact certain relatively minor acts of misconduct on Smith's part, which it concluded did not justify refusing to reinstate him. We agree. However, the Board refused to find as fact certain alleged acts of misconduct of a more serious nature. Thus the issue before us is the accuracy of the Board's findings of fact.

The scope of our review in such matters is limited. "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." National Labor Relations Act, 29 U.S.C. § 160(e) (1964). While that standard of "substantial evidence" does not make of this court a rubber stamp for approving the Board's findings, it does mean that where the evidence as a whole will reasonably support the Board's findings, we may not deny enforcement, even though this court might reach an opposite conclusion were we to determine the matter *de novo*. N. L. R. B. v. Stanislaus Implement & Hardware Co., 226 F.2d 377, 381 (9th Cir. 1955). This is particularly true of questions involving the credibility of oral testimony. N. L. R. B. v. Luisi Truck Lines, 384 F.2d 842, 846 (9th Cir. 1967).

We have examined the record with care, and have concluded, on the record as a whole, that sufficient grounds exist to support the Board's determination, and to satisy the statutory test of "substantial evidence."

The Board's order is enforced.